UNITED STATES, Appellee,

v.

Samuel E. JACKSON, Seaman Apprentice
U. S. Coast Guard, Appellant.

No. 32,920.
CGCM S 23185.

U. S. Court of Military Appeals.

July 17, 1978.

Appearances: For Appellant—*Lieutenant Patricia L. Shebest*, USCGR (argued); *Lieutenant Jon W. Peterson*, USCGR.

For Appellee—*Lieutenant G. S. Karavitis*, USCGR (argued).

Opinion of the Court

FLETCHER, Chief Judge:

The appellant was convicted by a special court-martial of a 45-month absence with-

out leave [1] and was sentenced to a bad-conduct discharge and six months' confinement at hard labor. Both during his trial and before the United States Coast Guard Court of Military Review, he argued unsuccessfully that, due to denial of counsel while in pretrial confinement for a period of 42 days, his case should be dismissed. We granted his Petition for Grant of Review to examine whether there was a denial of his right to the effective assistance of counsel, in violation of Article 27, Uniform Code of Military Justice, 10 U.S.C. § 827. We conclude that the appellant was provided with the advice of counsel at all "critical" stages of the proceedings and that any fundamental unfairness from the lack of representation of counsel in this case was waived.

After being taken into custody on April 4, 1975, the appellant was initially confined on Governor's Island, New York City, and after several days was transferred to a Navy confinement facility in Philadelphia. While no evidence was presented either at trial or upon appeal below that the appellant requested to consult with a lawyer during the 42 days of confinement, now, on appeal before us, we have granted his motion to file certain affidavits clarifying events which occurred during the period of pretrial confinement. Soon after his arrival in Philadelphia, the appellant had a brief interview with a Navy lawyer and subsequently requested by telephone a Coast Guard lawyer from the Coast Guard Administrative Officer at Governor's Island. He further alleged in his affidavit that on two separate occasions he inquired of non-lawyer counsellors about an attorney but with no apparent result. Ultimately, counsel was provided approximately two weeks before his special court-marital.

Neither the Code nor the Manual specifies the point at which defense counsel is to be provided.[2] Article 27, UCMJ, provides for the detailing of defense counsel in each general and special court-martial. Paragraph 6, Manual for Courts-Martial, United States, 1969 (Revised edition), requires command to provide a defense counsel for an accused where a matter is referred either to a general court-martial or a special court-martial empowered to award a bad-conduct discharge.

Appellant urges this Court to specifically hold that Article 27, *supra*, requires the appointment of counsel either upon preferral of charges or upon confinement. As to the constitutional right to consult counsel, we have followed the lead of the Supreme Court of the United States in *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and held that at every "critical" stage of the prosecution the Constitution requires that a military accused have recourse to the experienced advice of counsel. *United States v. Adams*, 21 U.S.C. M.A. 401, 45 C.M.R. 175 (1972).

The realities of modern criminal prosecution have compelled the highest court of the land to broadly construe the guarantees of the Sixth Amendment. The governing rationale of the Supreme Court [3] has been that the person confronting the puissance of the State will not be forced to stand alone but will be guaranteed his right to a fair trial consistent with the adversary nature of criminal prosecution. Thus:

[T]he principle of *Powell v. Alabama* and succeeding cases requires that we scrutinize *any* pretrial confrontation of the accused to determine whether the presence of his counsel is necessary to preserve the defendant's basic right to a fair trial as

---

1. Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886.

2. Paragraph 140a (2), Manual for Courts-Martial, United States, 1969 (Revised edition), provides that a suspect in custody will be permitted to consult counsel prior to interrogation. Article 32(b), UCMJ, 10 U.S.C. § 832(b), grants a defendant the right to counsel at the investigation prior to referral to a general court-martial.

3. *See, e. g., Powell v. State of Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *Avery v. Alabama*, 308 U.S. 444, 60 S.Ct. 119, 84 L.Ed. 455 (1940); *Hamilton v. Alabama*, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); *White v. Maryland*, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); *Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964).

affected by his right meaningfully to cross-examine the witnesses against him and to have effective assistance of counsel at the trial itself. It calls upon us to analyze whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice.

*United States v. Wade, supra,* 388 U.S. at 227, 87 S.Ct. at 1932.

The doctrine of consultation at "critical" stages has been applied to proceedings where important rights could be lost by an unknowing defendant absent the assistance of knowledgeable counsel. To state it in a slightly different way, it has been applied "at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." *Mempa v. Rhay,* 389 U.S. 128, 134, 88 S.Ct. 254, 257, 19 L.Ed.2d 336 (1967). Thus, the Supreme Court has perceived a right to counsel at a police station or in custody[4] and at police lineups after indictment.[5]

▮ Examining the facts of this case, we do not detect a lack of consultation at any "critical" stage. We must regard as ephemeral the assertion made by appellant that, given proper legal advice, the deadlines for application to the Presidential amnesty program could have been overridden. At no "critical" proceeding associated with this special court-martial did appellant confront the Government alone and unadvised.

Appellant relies heavily on *United States v. Mason,* 21 U.S.C.M.A. 389, 45 C.M.R. 163 (1972), in urging a denial of the effective assistance of counsel. That case was reversed on speedy trial grounds, but the author judge proceeded to discuss the accused's frustrated attempts, while uncharged in confinement, to consult with counsel. After concluding that, while neither Article 27 nor the Constitution had been violated in that instance, Judge Duncan, nevertheless, announced:

In the instant case, I would find that four unsatisfied requests for consultation with counsel while confined for forty-nine days without charges having been preferred is so fundamentally unfair that the resultant impact is unconscionable, and fundamental fairness requires dismissal.

*Id.* at 399, 45 C.M.R. at 173.

Unlike *Mason,* our appellant was charged nine days after his confinement and his somewhat ambiguous requests to consult with counsel were ultimately satisfied. Therefore, we conclude that, in addition to having the advice of counsel at all "critical" stages, the availability of that advice of counsel in the case before us was fundamentally fair.

However, quite apart from the Constitution, we are constrained to examine the fundamental fairness of this purported obstruction of appellant's additional right to the representation of counsel. This Court has never doubted that in the basic charter of Article 67, 10 U.S.C. § 867, Congress conferred upon it a general supervisory power over the administration of military justice. *Gale v. United States,* 17 U.S.C. M.A. 40, 37 C.M.R. 304 (1967). As Judge Cook expressed it, writing for the Court in *McPhail v. United States,* 1 M.J. 457, 462 (C.M.A.1976) (emphasis added):

On an earlier occasion, the [Supreme] Court [of the United States] said: *"[T]he court to which Congress has confined primary responsibility for the supervision of military justice in this country and abroad"* is this Court of Military Appeals. *Noyd v. Bond,* 395 U.S. 683, 695, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969). In legislative intention and in judicial contemplation, therefore, this Court has judicial functions distinct from its authority to review for error, under Article 67, the small percentage of the total number of

4. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Escobedo v. Illinois, supra.*

5. *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Gilbert v. Cali-*

fornia, 388 U.S. 263 (1967); *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). *But see United States v. Ash,* 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973).

cases that annually are prosecuted under the Uniform Code. See Annual Report of the United States Court of Military Appeals and the Judge Advocates General of the Armed Forces and General Counsel of the Department of Transportation, at 10–11, 18–19, 36, 39–40 (1973). Pursuant to our legislative grant, we have endeavored to account for the unique needs of both the military commander and the accused, and guarantee, through our supervisory powers, a military judicial system that reflects justice and fundamental fairness.

Unlike his civilian counterpart, the military accused has no right to bail [6] and lengthy periods of confinement inhibit, if not obviate, his capacity to obtain civilian counsel at no cost to the government. The situation is exacerbated when the appointment of military counsel is postponed or denied for lengthy periods of time. As Judge Duncan has pointed out, "One of the original purposes of such speedy arraignment [in the ordinary Federal system] was to assure accused 'of his right to retain counsel.' Rule 5(b), Federal Rules of Criminal Procedure (1946 edition); Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957) at pages 453, 455." Mason, supra at 398, 45 C.M.R. at 172.

■ As we view the role of representation of counsel, it is one of more than mere action and presence in the courtroom setting. It embraces, but is not limited to, interrogation of the suspect in custody, advisement and assistance to an accused throughout all steps in the proceedings antecedent to trial, marshaling of relevant evidence, and, importantly, strategic preparation for the adversary process. While in a particular case of denial of representation it might be impossible to second-guess the specific stance proper representation would have rendered the accused, nevertheless, denial or delay of appointment for more than a brief period must be deemed prejudicial.

Turning to the requirements of the military justice system, it is observed that Article 10, UCMJ, 10 U.S.C. § 810, places the reasonable statutory requirement upon command to take "immediate steps . . . to inform him of the specific wrong of which he is accused and to try him or to dismiss the charges and release him." Article 33, UCMJ, 10 U.S.C. § 833, suggests that when an accused is confined for trial by general court-martial, "the commanding officer shall, within eight days after the accused is ordered into arrest or confinement, if practicable, forward the charges, together with the investigation and allied papers, to the officer exercising general court-martial jurisdiction." These provisions, if followed, foresee early assignment of military defense counsel.

■ It is with these requirements in mind that we expect, in our supervisory role, assignment of counsel for representational purposes at the earliest possible moment in the process of military justice. As the majority of this court expressed it in United States v. Przybycien, 19 U.S.C.M.A. 120, 122, 41 C.M.R. 120, 122 n2 (1969).

The need for the assistance of counsel during extended, but necessary, confinement is patent. Witnesses may have to be located and interviewed, and physical evidence may need to be safeguarded. See United States v. Parish, 17 U.S.C.M.A. 411, 416, 38 C.M.R. 209. While it is true, . . ., that these and other preparatory steps may be taken after formal appointment of counsel when the charges are referred to trial, the delay may disadvantage the accused. The manual of brig procedure does not indicate that a prisoner is ever informed of the right to consult counsel. Cf. United States v. Hounshell, 7 U.S.C.M.A. 3, 7, 21 C.M.R. 129. Brigs provide a counseling program. Undoubtedly, the purpose of the program is to give prisoners the opportunity to obtain advice. The brig counselor, however, is no substitute for a lawyer. A Department of Defense instruction on the operation of confinement facilities prohibits confinement in excess of thirty days, without approval of the officer exercising

6. See Levy v. Resor, 17 U.S.C.M.A. 135, 37 C.M.R. 399 (1967).

general court-martial jurisdiction over the command which ordered investigation of the alleged offense. Department of Defense Instruction, 1325.4, October 7, 1968, paragraph III.A.2.b. That provision, however, does not insure the accused will be apprised of his legal rights and be in a position to prepare his defense. *It is appropriate, therefore, to give a prisoner in confinement for more than a brief period specific advice as to his right to consult an attorney and right to prepare for trial.*

(Emphasis added).

While we decline, at this time, to specify a static rule for the assignment of counsel for representational purposes, fundamental fairness calls for such representation of all prisoners confined for more than a brief period of time.

▆ The Government urges that the instant case, unlike *Przybycien, supra,* does not involve a zealous prosecution compiling evidence against an unrepresented accused confined for an extended period of time. While the record is devoid of any indication that the conduct of the defense was hampered, we regard the delay in appointing counsel for representational purposes for a period of forty-two days as potentially prejudicial. However, in the case before us, counsel was expressly questioned on the record regarding his preparation of the case and the procurement of evidence and witnesses. His response effectively waived any objections to the fundamental fairness of the representation of counsel provided here.

The decision of the United States Coast Guard Court of Military Review is affirmed.

Judge PERRY concurs.

COOK, Judge (concurring in the result):

I concur in the result, but I disagree with the majority's determination that the right of an accused in confinement to consult counsel requires that counsel be appointed in a capacity that contemplates no termination of the relationship until other counsel is substituted and he is allowed formally to withdraw. *See United States v. Palenius,* 2 M.J. 86 (C.M.A.1977).

Before development of the *Miranda/Tempia*[1] rule, this Court recognized the right of the individual to consult counsel when questioned by a law enforcement agent before trial. *United States v. Gunnels,* 8 U.S.C.M.A. 130, 23 C.M.R. 354 (1957). After *Miranda/Tempia,* the Court stated there were "[s]ignificant differences . . . between formal proceedings, in which counsel has entered an appearance for the accused, and the informal, transient procedures of an investigation." *United States v. Estep,* 19 U.S.C.M.A. 201, 202, 41 C.M.R. 201, 202 (1970). The majority have explicitly reaffirmed that an accused may be entitled to consult counsel before trial for a particular purpose, without that counsel representing him as his attorney in all subsequent proceedings in the matter. *United States v. Booker,* 5 M.J. 238 (C.M.A.1977).

Certainly, an accused should be allowed to consult counsel as to the circumstances of his confinement, but he is not entitled under the Uniform Code of Military Justice to formal appointment of counsel, with counsel assuming all the duties such appointment entails. *United States v. Palenius, supra.*

In *United States v. Bielecki,* 21 U.S.C.M.A. 450, 452, 45 C.M.R. 224, 226 (1972), the Court stated:

During this term of court, we have twice considered questions relating to the pretrial right of a serviceman to consult with a lawyer while confined. *United States v. Adams,* 21 U.S.C.M.A. 401, 45 C.M.R. 175 (1972); *United States v. Mason,* 21 U.S.C.M.A. 389, 45 C.M.R. 163 (1972). Like *Bielecki,* the appellants in those cases expressed several times a desire to have legal counsel made available. The essence of both cases is that, alone, pretrial confinement or its equivalent is

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *United States v.* *Tempia,* 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967).

not a "critical stage" of the accusatory process that would entitle a member of the armed forces to the assistance and advice of counsel.

In *Gerstein v. Pugh*, 420 U.S. 103, 123, 95 S.Ct. 854, 867, 43 L.Ed.2d 54 (1975), the United States Supreme Court held that a judicial determination of probable cause was required for pretrial detention, but counsel for the defendant at that time was not required because:

> To be sure, pretrial custody may affect to some extent the defendant's ability to assist in preparation of his defense, but this does not present the high probability of substantial harm identified as controlling in *Wade* and *Coleman.*

See *Courtney v. Williams*, 1 M.J. 267 (C.M.A.1976). *Bielecki*, therefore, is consistent with the Supreme Court's determination that, under the Sixth Amendment, confinement alone is not a "critical stage" of a criminal proceeding that demands appointment of counsel for the prisoner. See also *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).

I cannot accept the majority's promulgation of a rule, in the exercise of this Court's supervisory authority, to require formal appointment of counsel. In my opinion, the majority's reliance on *McPhail v. United States*, 1 M.J. 457 (C.M.A.1976), is misplaced. The nature of the Court's supervisory power was defined[2] in that case as follows:

> Assuredly, there are limits to our authority, even as the highest court in the military justice system. See *Noyd v. Bond, supra* at 695 n. 7, 89 S.Ct. 1876. Whatever those limits are, as to matters reasonably comprehended within the provisions of the Uniform Code of Military Justice, we have jurisdiction *to require compliance with applicable law* from all courts and persons purporting to act un-

der its authority. See *Collier v. United States*, 19 U.S.C.M.A. 511, 42 C.M.R. 113 (1970); *Johnson v. United States, supra.* *Id.* at 463 (emphasis added).

In the present case, the majority extend our supervisory power to create a procedural rule that has no foundation in the Constitution or any provision of the Uniform Code or Manual for Courts-Martial.[3] They refer to Articles 10 and 33 of the Code[4] and perceive that they "foresee early assignment of military counsel." Both articles deal with speedy disposition of the proceedings, not the appointment of counsel. Articles 27 and 32 of the Code[5] set forth an accused's right to counsel at the command level: Article 27 assures the right to counsel before general and special courts-martial; Article 32 assures the right to representation at the formal hearing conducted by the investigating officer. This Court has held that an accused's right to the assistance of counsel during pretrial interrogation by a law enforcement agent is assured by the Constitution. *United States v. Tempia, supra;* see para. 140*a* (2), Manual for Courts-Martial, United States, 1969 (Revised edition). Further, if the accused's ability to prepare his defense is, in fact, impaired by conditions of confinement imposed by the Government, he has appropriate remedies which do not, however, require that he have appointed counsel. See *United States v. Parish*, 17 U.S.C.M.A. 411, 416, 38 C.M.R. 209, 214 (1968).

Additionally, I cannot agree with the majority's declaration that the failure to appoint counsel "more than a brief period" after the accused enters into confinement "must be deemed prejudicial." Until now, the only consequence of the failure to provide counsel at a preliminary but critical stage of the proceedings against an accused has been to preclude the Government from using, at trial, evidence obtained from the

---

2. For modification of my view of the Court's supervisory power, *see* my separate opinion in *Stewart v. Stevens*, Misc. Docket 77–134, 5 M.J. 220 (C.M.A.1978).

3. Manual for Courts-Martial, United States, 1969 (Revised edition).

4. Articles 10 and 33, Uniform Code of Military Justice, 10 U.S.C. §§ 810 and 833.

5. Articles 27 and 32, UCMJ, 10 U.S.C. §§ 827 and 832.

accused during that flawed interval. This is the rule applied in regard to "custodial interrogation" situations; in regard to a pretrial lineup at which the accused is entitled to the presence of counsel, *Kirby v. Illinois, supra*; and by the Supreme Court, in the exercise of its supervisory powers, when a defendant is not arraigned within the requisite time and an incriminating statement is obtained from him. *McNabb v. United States*, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943). I am not convinced that there is need for, or justification of, the rule adopted by the majority. As the majority conclude no relief is required, I join in the disposition of this case.