**UNITED STATES, Appellant,**

v.

**Henry S. LEONARD, 418 76 9045, First Lieutenant (0–2), U.S. Marine Corps Reserve, Appellee.**

**Misc. No. 84–09.**

U.S. Navy-Marine Corps Court of Military Review.

14 Feb. 1985.

---

LTCOL M.W. Lucas, USMC, Appellate Defense Counsel.

MAJ Michael E. Canode, USMC, Appellate Defense Counsel.

LCDR John B. Holt, JAGC, USNR, Appellate Government Counsel.

GLADIS, Senior Judge:

Pursuant to Article 62, Uniform Code Of Military Justice (UCMJ), 10 U.S.C. § 862, and in compliance with *Rules for Courts-Martial* (R.C.M.) Rule 908(b), the Government has appealed from a ruling of the military judge dismissing the charges because of noncompliance with R.C.M. 707(a), which requires that an accused be brought to trial within 120 days after notice to him of preferral of charges under R.C.M. 308.

The issue presented by this appeal is whether, in computing R.C.M. 707(a)'s 120 day period, the Government is accountable for delays prior to 1 August 1984, the effective date of *Manual for Courts-Martial, 1984,* (MCM, 1984), which promulgated the rule. We find that the Government is not and reverse.

The parties agree that the accused was informed of the charges on 28 February 1984, the date on which they were preferred. No restraint was imposed. The charges were referred to trial on 2 June 1984 and the accused was arraigned after 1 August 1984. The defense assumed responsibility for delay after 13 September 1984.

Executive Order 12473 dated 13 April 1984, promulgating MCM, 1984, provides:

This Manual shall take effect on August 1, 1984, with respect to all court-martial processes taken on and after that date: *Provided,* That nothing contained in this Manual shall be construed to invalidate any restraint, investigation, referral of charges, designation or detail of a military judge or counsel, trial in which arraignment had been had, or other action begun prior to that date, and any such restraint, investigation, trial, or other action may be completed in accordance with applicable laws, Executive orders, and regulations in the same manner and with the same effect as if this Manual had not been prescribed; *Provided further,* That Rules for Courts-Martial 908, 1103(j), 1105–1107, 1110–1114, 1201, and 1203 shall not apply to any case in which findings and sentence were adjudged by a court-martial before August 1, 1984, and the post-trial and appellate review of such cases shall be completed in accordance with applicable laws, Executive orders, and regulations in the same manner and with the same effect as if this Manual had not been prescribed; *Provided further,* That nothing contained in this Manual shall be construed to make punishable any act done or omitted prior to August 1, 1984, which was not punishable when done or omitted; *Provided further,* That nothing in part IV of this Manual shall be construed to invalidate the prosecution of any offense committed before the effective date of this Manual; *Provided further,* That the maximum punishment for an offense committed prior to August 1, 1984, shall not exceed the applicable limit in effect at the time of the commission of such offense; *Provided further,* That for offenses committed prior to August 1, 1984, for which a

sentence is adjudged on or after August 1, 1984, if the maximum punishment authorized in this Manual is less than that previously authorized, the lesser maximum authorized punishment shall apply; *And provided further,* That Part V of this Manual shall not apply to nonjudicial punishment proceedings which were initiated before August 1, 1984, and nonjudicial punishment proceedings in such cases shall be completed in accordance with applicable laws, Executive orders, and regulations in the same manner and with the same effect as if this Manual had not been prescribed.

The Manual for Courts-Martial, 1969, United States (Revised edition), prescribed by Executive Order No. 11476, as amended ... is hereby rescinded, effective August 1, 1984.

R.C.M. 707 provides:

(a) *In general.* The accused shall be brought to trial within 120 days after notice to the accused of preferral of charges under R.C.M. 308 or the imposition of restraint under R.C.M. 304, whichever is earlier.

(b) *Accountability.*

(1) *In general.* The date on which the accused is notified of the preferral of charges or the date on which pretrial restraint is imposed shall not count for purpose of computing the time under subsection (a) of this rule. The date on which the accused is brought to trial shall count.

(e) *Remedy.* Failure to comply with this rule shall result in dismissal of the affected charges upon timely motion by the accused.

R.C.M. 102(b) provides:

[The Rules for Courts-Martial] shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay.

Resolution of the issue presented by this appeal hinges on the intent of the President when he promulgated MCM, 1984. On what date did he intend R.C.M. 707(a) to take effect? It is clear from the plain language of Executive Order 12473 that the President intended all of the portions of MCM, 1984, except those specifically excepted in the order to take effect on 1 August 1984. R.C.M. 707(a) is not specifically exempted. Thus the President clearly intended R.C.M. 707(a) to take effect on that date. In holding the Government accountable for delays prior to that date in computing the rule's 120-day period, the military judge, in essence, gave effect to the rule prior to that date, applying it retroactively.

In promulgating R.C.M. 707(a), which requires dismissal of charges because of denial of speedy trial when an accused is not brought to trial within 120 days after notice of preferral of the charges or the imposition of restraint, MCM, 1984, radically changes the prior law which did not require dismissal of charges because of denial of speedy trial, when pretrial confinement did not exceed 90 days, if a functional analysis of all the facts, including the length of the delay, the reasons for the delay, any demand for speedy trial, and any specific prejudice to the accused, showed that the Government had proceeded with reasonable diligence and without deliberate oppression of the accused or a lack of concern for expeditious prosecution. *See United States v. Hagler,* 7 M.J. 944, 947 (N.C.M.R. 1979), citing *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *United States v. Powell,* 2 M.J. 6 (C.M.A. 1976); and *United States v. Amundson,* 23 U.S.C.M.A. 308, 49 C.M.R. 598 (1975). We can find nothing in the Executive order, the rule, or the *Manual* to support the judge's action in giving it effect prior to 1 August 1984 by holding the Government accountable for delays prior to that date. In view of both the radical change and the plain language of the Executive order, we are convinced that neither the drafters nor the President intended to give effect to the new speedy trial rule prior to 1 August 1984 by holding the Government accountable for delays prior to that date in computing the rule's 120 day period. Had they so intended, we have no doubt that they would have clearly expressed that intention.

Therefore, we find that the military judge erred as a matter of law by dismissing the charges for lack of speedy trial because of noncompliance with R.C.M. 707(a), because he erroneously gave effect to that rule prior to 1 August 1984 by holding the Government accountable for delays prior to that date in computing the rule's 120-day period. Accordingly, the Government's appeal is granted and the ruling of the military judge is reversed. The charges are ordered reinstated and the case is remanded to the trial court for further proceedings.

Judge CASSEL concurs.

COUGHLIN, Judge (dissenting):

The basis for the majority's decision is apparently twofold: the plain language of the Executive Order, and the radical change in the speedy trial law effectuated by the implementation of R.C.M. 707. In dissenting, I also look to the plain wording and meaning of the Order and, in so doing, can only reach a contrary interpretation. The second prong of the majority's rationale is not relevant to an interpretation of the point in time R.C.M. 707 is effective. Many of the new rules depart radically from past practice, some more favorable to the Government, some to the accused. Such an unwieldy guidepost would create an unnecessary ambiguity in ascertaining the effective date of any particular rule in the new *Manual*. Fortunately, the President set forth a date certain for us to go by.

Pursuant to the authority granted in Article 36, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 836, the President promulgated Executive Order 12473, putting into effect the provisions contained in the *Manual for Courts-Martial, 1984* (MCM 1984), on 1 August 1984, except as otherwise specifically provided therein. The President thus supplied the date when the old provisions would no longer apply and when new rules would come into being. Since this accused was arraigned subsequent to 1 August 1984, and none of the exceptions set forth in the Executive Order

apply, this Court is bound to give full effect to R.C.M. 707 mandating the dismissal of this case for lack of speedy trial in that he was not brought to trial within 120 days after he was notified of the preferral of charges against him.

The majority finds, that "the President clearly intended R.C.M. 707(a) to take effect on that date" of 1 August, but then denies the relief accorded thereby by ascertaining the Presidential intent as solely prospective in nature. Yet, such an intent neither appears nor is consistent with the plain wording of the Executive order that states the new *Manual* provisions "shall take effect on August 1, 1984, with respect to all court-martial processes taken on or after that date. . . ." The word "shall" is generally construed to mean imperative and mandatory, and it particularly should be so construed where a right of the accused is impaired by a different interpretation. Accordingly, as of 1 August 1984, by order of the President, the accused was entitled to the full and meaningful application of the new right to a speedy trial contained in R.C.M. 707. The accused made timely motion to dismiss, the military judge so ordered, and we should thus be constrained to uphold that ruling as a matter of law, notwithstanding Government arguments to the contrary.

The issue before this Court was particularly well argued by both trial-level and appellate counsel. Although not dealt with in the majority opinion, one of the arguments forcefully advanced and countered by opposing counsel deserving of comment concerns the reference in R.C.M. 707 to R.C.M. 308. The argument may be thusly stated: Since R.C.M. 707 provides that the 120 days starts to run upon notification of the accused of the *preferral of charges under R.C.M. 308*, it is inapplicable to this case wherein the accused was so notified under the 1969 *Manual* provision in effect at the time. Rule 308 is not a new rule, however, but essentially a restatement of paragraphs 32 *f*(1) and 33c of *Manual for Courts-Martial, 1969 (Rev.)*. Additional notification of the preferral under 1984 *Manual* was not required after 1 August

to start the running of the 120 days. To conclude otherwise, would postpone the operative date of R.C.M. 707 for some 4 months after the declared date in the Executive Order. This we should not do unless the stated reference to R.C.M. 308 could have no other reasonable explanation. Yet, an alternative explanation is inherently reasonable; that is, internal consistency in the new Rules. The Rules neither generally nor in the particular refer back to the old *Manual* provisions. In fact, the Executive Order specifically states that the 1969 *Manual* is rescinded, effective August 1, 1984. Under such circumstances, R.C.M. 707 necessarily references R.C.M. 308 rather than paragraph 32$f$(1) of the rescinded *Manual*. It is the act of notification that starts the running of the 120-day rule, not the new title of the provision under which it is provided.

Finally, had the President really intended to provide that Rule 707 only apply to cases in which the accused was notified of the preferral subsequent to 1 August, it would have been a comparatively easy matter to have indicated this intention expressly and with clarity. The plain wording of the Executive Order, however, is to the contrary.

Accordingly, I would deny the Government appeal and uphold the military judge in granting the defense motion to dismiss the charges in accordance with R.C.M. 707.