
**UNITED STATES, Appellee,**

v.

**Henry S. LEONARD, First Lieutenant**

**U.S. Marine Corps, Appellant.**

No. 52147.

Misc. No. 84–09.

U.S. Court of Military Appeals.

Nov. 18, 1985.

For Appellant: *Lieutenant Gary K. Van Meter, JAGC, USNR* (argued); *Major Michael E. Canode, USMC* (on petition); *Lieutenant Colonel M.W. Lucas,* USMC.

For Appellee: *Lieutenant Commander John B. Holt, JAGC, USN* (argued); *Captain W. J. Hughes,* JAGC, USN and *Lieutenant Joseph G. Lee,* JAGC, USNR (on petition).

*Opinion of the Court*

COX, Judge:

Charges under Articles 92, 108, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 908, 921, and 934, respectively, were preferred against appellant on February 28, 1984, and ultimately referred to trial by general court-martial. At an Article 39(a), UCMJ, 10 U.S.C. § 839(a), session on October 29, 1984, appellant moved to dismiss the charges on the basis of a denial of speedy trial under the provisions of Rule for Courts-Martial (R.C.M.) 707, Manual for Courts-Martial, United States, 1984, and under Article 10, UCMJ, 10 U.S.C. § 810. The military judge granted the motion on the basis of the Government's noncompliance with R.C.M. 707 and dismissed the charges. The Government appealed pursuant to Article 62, UCMJ, 10 U.S.C. § 862, and the Court of Military Review reversed the ruling of the trial judge. 20 M.J. 589 (1985). Appellant then petitioned this Court for grant of review of the following issue:

> WHETHER THE UNITED STATES NAVY–MARINE CORPS COURT OF MILITARY REVIEW IMPROPERLY FAILED TO GIVE R.C.M. 707 EFFECT ON 1 AUGUST 1984, IN CONTRAVENTION OF EXECUTIVE ORDER 12473, DATED 13 APRIL 1984.

After consideration of briefs of the parties and oral argument, we grant review of the assigned issue and affirm the decision of the Court of Military Review.

In deciding the speedy-trial issue, the military judge was tasked with determining the applicability of R.C.M. 707 to appel-

lant's case. R.C.M. 707 provides, in part, as follows:

(a) *In general*. The accused shall be brought to trial within 120 days after notice to the accused of preferral of charges under R.C.M. 308 or the imposition of restraint under R.C.M. 304, whichever is earlier.

(b) *Accountability*.

(1) *In general*. The date on which the accused is notified of the preferral of charges or the date on which pretrial restraint is imposed shall not count for purpose of computing the time under subsection (a) of this rule. The date on which the accused is brought to trial shall count.

\* \* \* \* \* \*

(e) *Remedy*. Failure to comply with this rule shall result in dismissal of the affected charges upon timely motion by the accused.

The chronology of events pertinent to the speedy-trial motion is as follows:

| | |
|---|---|
| May-Nov 1983 | Offenses allegedly committed; |
| 28 Feb 1984 | Charges preferred and appellant informed of charges; |
| 13 Apr 1984 | Executive Order 12473 signed, promulgating Manual for Courts-Martial, United States, 1984; |
| 2 Jun 1984 | Charges referred to general court-martial; |
| 1 Aug 1984 | Effective date of 1984 Manual for Courts-Martial; |
| After 1 Aug 1984 | Appellant arraigned; |
| 13 Sep 1984 | Defense assumed responsibility for delay; |
| 29 Oct 1984 | Article 39(a), UCMJ, session at which speedy-trial motion granted and charges dismissed by military judge. |

The parties at trial agreed that appellant was never placed under restraint. The military judge determined that the Government's accountability under R.C.M. 707 began to run on February 29, 1984, the day after appellant was notified of the preferral of charges. Since the Government was considered to be accountable for at least 120 days of delay between February 29,

1984, and September 13, 1984, the military judge dismissed the charges for failure to comply with R.C.M. 707. The military judge did not address appellant's argument that he was denied a speedy trial under Article 10. Upon appeal by the Government under Article 62, the Court of Military Review, with one judge dissenting, found that the military judge impermissibly had held the Government accountable under the 120–day rule of R.C.M. 707.

Executive Order No. 12473, 49 Fed.Reg. 17152 (1984),[1] which promulgated the 1984 Manual, *supra*, did not specifically mention R.C.M. 707. It provided as follows:

This Manual shall take effect on August 1, 1984, with respect to all court-martial processes taken on and after that date: *Provided*, That nothing contained in this Manual shall be construed to invalidate any restraint, investigation, referral of charges, designation or detail of a military judge or counsel, trial in which arraignment had been had, or other action begun prior to that date, and any such restraint, investigation, trial, or other action may be completed in accordance with applicable laws, Executive orders, and regulations in the same manner and with the same effect as if this Manual had not been prescribed; *Provided further*, That Rules for Courts-Martial 908, 1103(j), 1105–1107, 1110–1114, 1201, and 1203 shall not apply to any case in which findings and sentence were adjudged by a court-martial before August 1, 1984, and the post-trial and appellate review of such cases shall be completed in accordance with applicable laws, Executive orders, and regulations in the same manner and with the same effect as if this Manual had not been prescribed; *Provided further*, That nothing contained in this Manual shall be construed to make punishable any act done or omitted prior to August 1, 1984, which was not punishable when done or omitted; *Provided further*, That nothing in part IV of this Manual shall be construed to invalidate

---

1. This Executive Order was amended by Executive Order No. 12484, 49 Fed.Reg. 28825 (1984).

The quoted provision is identical in both Executive Orders.

the prosecution of any offense committed before the effective date of this Manual; *Provided further,* That the maximum punishment for an offense committed prior to August 1, 1984, shall not exceed the applicable limit in effect at the time of the commission of such offense; *Provided further,* That for offenses committed prior to August 1, 1984, for which a sentence is adjudged on or after August 1, 1984, if the maximum punishment authorized in this Manual is less than that previously authorized, the lesser maximum authorized punishment shall apply; *And provided further,* That Part V of this Manual shall not apply to nonjudicial punishment proceedings which were initiated before August 1, 1984, and nonjudicial punishment proceedings in such cases shall be completed in accordance with applicable laws, Executive orders, and regulations in the same manner and with the same effect as if this Manual had not been prescribed.

Both the Government and appellant contend that the plain language of Executive Order 12473 and R.C.M. 707 clearly provide at what point the 120–day limitation of R.C.M. 707(a) begins to run. As R.C.M. 707 is not excepted in the Executive Order, both parties agree that this Rule "shall take effect on August 1, 1984, with respect to all court-martial processes taken on and after that date." The parties disagree, however, on how to apply the "plain language" of the Executive Order to R.C.M. 707. When language is "plain and unambiguous," it "is to be applied, not interpreted." *United States v. Ware,* 1 M.J. 282, 285 (C.M.A.1976), *quoting United States v. Davis,* 12 U.S.C.M.A. 576, 578, 31 C.M.R. 162, 164 (1961).

■ We conclude that the language of the executive order is not as clear and straightforward as urged by the parties when espousing their conflicting views. To resolve this matter, we must determine the President's intent, employing the same rules of interpretation generally applied to statutory construction. *See* 1A Sutherland, *Statutes and Statutory Construction*

§ 31.06 (C. Sands 4th ed. 1985 Revision). As the accountability of the Government under the 120–day limitation of R.C.M. 707 is capable of being construed in different ways by reasonable men, we must adopt the construction which most "accurately reflects the intention of" the President, "is more consistent with the structure of the" Rule, "and more fully serves the purposes of" R.C.M. 707. *See F.B.I. v. Abramson,* 456 U.S. 615, 625, 102 S.Ct. 2054, 2061, 72 L.Ed.2d 376 (1982) (footnote omitted).

■ The interpretation made by the military judge and the dissenting judge at the Court of Military Review, and urged by appellant, is that R.C.M. 707 applies retroactively to the extent that the Government is accountable for delays prior to August 1, 1984, in cases where an accused is arraigned on or after that date. Generally, retrospective operation is not given, as "the first rule of construction is that legislation must be considered as addressed to the future, not to the past." *United States v. Security Industrial Bank,* 459 U.S. 70, 79, 103 S.Ct. 407, 413, 74 L.Ed.2d 235 (1982), *quoting Union Pacific R. Co. v. Laramie Stock Yards Co.,* 231 U.S. 190, 199, 34 S.Ct. 101, 102, 58 L.Ed. 179 (1913). *See* 2 Sutherland, *Statutes and Statutory Construction* § 41.04 (C. Sands 4th ed. 1973); *but cf. United States v. Vanella,* 619 F.2d 384 (5th Cir.1980) (statutory changes that are procedural or remedial in nature may apply retroactively). If the 120–day rule fully applied to this case, the Government would have been required to bring appellant to trial before the effective date of the 1984 Manual. If appellant had been brought to trial before August 1, 1984, however, the 120–day rule would not have been applicable in his case. We agree with the Court of Military Review that the President's intention was not to require the Government to comply with R.C.M. 707 even before the provision went into effect on August 1, 1984.

Another possible interpretation is that the 120–day limitation of R.C.M. 707 starts to run on August 1, 1984, in cases in which notice of preferral or imposition of re-

straint had already taken place. Under this view, the Government is accountable under R.C.M. 707 speedy-trial standards for delays occurring on and after August 1, 1984. The Government's accountability for delays prior to August 1, 1984, would be determined under the speedy-trial law in effect prior to August 1, 1984. Application of two speedy-trial standards to the same case would be rather awkward. More importantly, R.C.M. 707 is concerned with delays of more than 120 days from notice of preferral or imposition of restraint to trial. Beginning the Government's accountability on August 1, 1984, without regard to whether notice of preferral or restraint occurred one day or six months before would not serve R.C.M. 707's purpose of applying a precise numerical limitation on the permissible period from notice of preferral/imposition of restraint to trial.

Another interpretation, the one urged by the Government, is that R.C.M. 707 only applies to cases in which notice of preferral or imposition of restraint occurred on or after August 1, 1984. In this view, which we find to be persuasive, there are two types of cases: (1) those begun by notice of preferral or imposition of restraint before August 1, 1984, to which R.C.M 707 does not apply; and (2) those begun by notice of preferral or imposition of restraint on and after August 1, 1984, to which R.C.M. 707 does apply.

The adoption of R.C.M. 707 is a significant change from case law. Under prior law, unless an accused was in confinement in excess of 90 days, a balancing test was employed to determine whether an accused had been denied a speedy trial under the sixth amendment or Article 10. *See Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *United States v. Grom*, 21 M.J. 48 (C.M.A.1985); *United States v. Johnson*, 17 M.J. 255 (C.M.A. 1984); *United States v. Burton*, 21 U.S.C. M.A. 112, 44 C.M.R. 166 (1971). R.C.M. 707

provides a numerical standard for all trials, requiring all accused to be brought to trial within 120 days of notice of preferral of charges or imposition of restraint, less periods of delay excludable under R.C.M. 707(c).

The Analysis of R.C.M. 707 does not explicitly state how it is to be applied in regard to retroactivity. It does state, however, that R.C.M. 707 "is based on *ABA Standards, Speedy Trial* (1978)," and "similar to" the Federal Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* R.C.M. 707(a) "is based on *ABA Standards, supra* at §§ 12–2.1, 12–2.2," which provide that speedy trial should be defined in terms of days or months running from a specified event. R.C.M. 707(a) has achieved this by making notice of preferral of charges or imposition of restraint the specified event which triggers the running of the 120–day period within which an accused must be brought to trial.

The Federal Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq*, concerns two periods of delay: (1) the period from arrest or summons to indictment or information; and (2) the period from filing of indictment or information to trial. Section 3163(c) provides that the sanctions for violations of the Act's time limits "shall become effective and apply to all cases commenced by arrest or summons, and all informations or indictments filed, on or after July 1, 1980."[2] Section 3163(c) is interpreted to provide sanctions for arrest-to-indictment delay only when arrest takes place or summons is served on or after July 1, 1980, and to provide sanctions for indictment-to-trial delay only when indictment or information is filed on or after July 1, 1980. *United States v. Mehrmanesh*, 689 F.2d 822 (9th Cir.1982); *United States v. Hill*, 622 F.2d 900 (5th Cir.1980); *United States v. Barboza*, 612 F.2d 999 (5th Cir.1980).

**2.** Under the prior version of § 3163(c) of the Federal Speedy Trial Act of 1974, the sanctions became effective on July 1, 1979. The Federal Speedy Trial Act initially provided for a four-year phase-in period, so all parties had a sub-

stantial period to become aware of the Act's limits and sanctions. In 1979, Congress deferred the imposition of sanctions until July 1, 1980.

We conclude that the President intended R.C.M. 707's 120–day time limit between notice of preferral/imposition of restraint and trial to apply only to those cases in which notice of preferral of charges or imposition of restraint occurred on or after August 1, 1984.[3] This interpretation is consistent with that of the Federal Speedy Trial Act and with the goals of the ABA Standards, Speedy Trial. Also, this construction is the one most in accord with R.C.M. 707's purpose of defining speedy trial in terms of days running from notice of preferral or imposition of restraint to trial, is fair to all parties, and is simple to administer.[4]

Thus, we agree with the determination of the Court of Military Review that the Government is not accountable under R.C.M. 707 for delays occurring prior to August 1, 1984.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

EVERETT, Chief Judge (concurring):

I concur with the principal opinion; but I do so somewhat reluctantly. The language of Executive Order 12473, 49 Fed.Reg. 17152 (1984), which promulgated Manual for Courts-Martial, United States, 1984, appears very susceptible to the interpretation given it by the military judge—who ordered dismissal of the charges pursuant to R.C.M. 707—and by Judge Coughlin—who dissented from the reinstatement of the charges by the Court of Military Review. The proviso in the Executive Order with respect to a "trial in which arraignment had been had" seems intended to signal that motions to dismiss on speedy-trial grounds or otherwise would be governed by the 1984 Rules for Courts-Martial, if the motions were made in cases where arraignment had not preceded August 1, 1984. This phrasing should have placed the prosecutor on notice that he should arraign the accused before August 1, 1984, if he wanted to avoid the possibility that R.C.M. 707 might apply.

Nonetheless, upon considering R.C.M. 707 in context, I am persuaded that the President did not intend it to apply to cases where the triggering event—preferral of charges or imposition of pretrial restraint—preceded August 1, 1984.* In such instances, an accused must rely on the safeguards available to him prior to the Rules for Courts-Martial. Accordingly, the military judge must now decide whether, apart from R.C.M. 707, the pretrial delay was so excessive that dismissal is appropriate. Cf. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

---

3. The exclusions of R.C.M. 707(c) would likewise apply only to cases in which notice of preferral/imposition of restraint occurred on or after August 1, 1984.

4. R.C.M. 102(b) provides that the Rules for Courts-Martial "shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay."

* When a major change is made in legal rules, the drafting of appropriate transition provisions may be a very difficult task; and occasionally—as here—a potential problem may be overlooked by the drafters.