**UNITED STATES, Appellant,**

v.

**William O. HARRISON, 542 44 2286, Captain (0–6), U.S. Navy, Appellee.**

Misc. No. 85–13.

U.S. Navy-Marine Corps Court of Military Review.

21 March 1986.

LT DAVID O. VOLLENWEIDER III, JAGC, USNR, Appellate Government Counsel.

LCDR JAMES J. QUIGLEY, JAGC, USN, Appellate Defense Counsel.

MAJ MICHAEL E. CANODE, USMC, Appellate Defense Counsel.

LT DANIEL D. DOWNING, JAGC, USNR, Appellate Defense Counsel.

LT DONALD F. O'CONNOR, JAGC, USNR, Appellate Defense Counsel.

LCDR THOMAS B. REEVE, JR., JAGC, USN, Detailed Defense Counsel.

SCOTT R. BARNETT, Civilian Defense Counsel.

Before MITCHELL, Senior Judge, and GLADIS and CASSEL, Judges.

CASSEL, Judge:

The United States appeals the decision of the military judge dismissing certain of the charges and specifications pending against Captain Harrison because of the alleged failure of the Government to provide a speedy trial as required by Rule for Court-Martial (R.C.M.) 707. The precise legal issue involved; *i.e.* the effect of actions taken before 1 August 1984 on the R.C.M. 707 clock when the trial commences after 1 August 1984, was left unanswered by our decision in *United States v. Leonard,* 20 M.J. 589 (N.M.C.M.R. 1985), but was expressly answered by the Court of Military Appeals in its decision on the same case, *United States v. Leonard,* 21 M.J. 67 (C.M.A. 1985). Accordingly, we grant the appeal of the United States and return the case for further proceedings.

■■■ The pertinent dates are few and relatively undisputed. After receiving the results of an audit, the Commanding Officer of the Naval Hospital San Diego requested an investigation by the Naval Investigative Service in September 1983. By 13 January 1984 Captain Harrison had been relieved of duties in the Clinical Investigative Department and was given the letter (attachment I) which the military judge found to be a "condition on liberty" as

described in R.C.M. 304(a). The original charge was proffered on 23 July 1984 and was received by the command and Captain Harrison was notified under paragraph 32*f, Manual for Courts-Martial, 1969 (Rev.),* the same day. The present Manual with its new speedy trial provisions (R.C.M. 707) became effective 1 August 1984. Counsel and the accused were notified of the Additional Charge on 12 October 1984. There is no legal basis for the finding of the military judge below that either because Captain Harrison was informed of the preferral prior to 1 August, or the order containing conditions of liberty was in continuing effect on that date, that the Government was accountable under R.C.M. 707 from 1 August 1984 for the original charges and then since the specifications under Additional Charge (except Specification 2) were based on the same factual information which was available to the command when the original charges were drafted that same date; *i.e.* 1 August would apply for those specifications. The *Manual* and *United States v. Leonard,* 21 M.J. 67 (C.M.A. 1985), clearly indicate that the "clock" under R.C.M. 707 begins *only* when after 1 August 1984, there occurs one of the two triggering events specifically mentioned in R.C.M. 707. Thus, absent a notice of preferral under R.C.M. 308 or the original imposition of restraint under R.C.M. 304, there is *no* triggering event under the original charges for the R.C.M. 707 time requirement. The only time limits are those existing previous to the 1984 Manual and constitutional requirements such as discussed in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). As to Additional Charge I (including Specification 2) the date of Notice of preferral found by the military judge was 12 October 1984, thus, the clock of R.C.M. 707 originally starts on that date. Captain Harrison was notified of the preferral of the second set of Additional Charges on 11 February 1985 and that date, not any preexisting date such as 29 November 1984 as found by the military judge, is the date

of inception the period allowed by R.C.M. 707.

▮ Additional Charges III, IV, V, and VI were the subject of a later preferral. The military judge in his conclusion (R. 211), found that the accused was notified of the preferral on 8 April 1985. Thus, that date is the triggering date for R.C.M. 707 purposes, *see United States v. Leonard,* 21 M.J. 67, n. 3 (C.M.A.1985), not any date on which the government *might* have known about them, and *any* preexisting condition on liberty would have no effect on the R.C.M. 707 inception date, contrary to the theory espoused by the military judge below (R. 212).[1] The military judge below set forth detailed conclusions for his decisions. We need not discuss them now because, as indicated above the basic premise and thus the dates from which he evolved his theory of accountability were legally incorrect. Since the military judge utilized incorrect legal concepts in determining the inception date for government responsibility under R.C.M. 707, we reverse each of his decisions.

When this case returns to the trial level, if the question of speedy trial is raised the triggering dates shall be as indicated above. In addition, for any claim of denial of speedy trial as to Charge I the effect of *Barker v. Wingo, supra,* and *United States v. Grom,* 21 M.J. 53 (C.M.A. 1985), must be considered. As to the various additional charges we invite the attention of counsel and the court to *United States v. Gray,* 21 M.J. 1020, (N.M.C.M.R.1986), and *United States v. Loud Hawk,* 474 U.S. ——, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986).

Accordingly, the decisions of the military judge dismissing the various charges are reversed. The record is returned to the Judge Advocate General for whatever further action is desired by the convening authority.

Senior Judge MITCHELL and Judge GLADIS concur.

---

1. Since it is not necessary to our decision we need not address whether the implementation of the actions listed in attachment constitutes a condition of liberty as described in R.C.M.

## APPENDIX I

IN REPLY REFER TO
NHSD:15:PJS:ler
5800
13 January 1984

From: Commanding Officer, Naval Hospital, San Diego, CA

To: Captain William O. HARRISON, MC, USN

Subj: Participation in Investigative Protocols/Administrative Status

1. Pending completion of an ongoing NIS investigation into the financing of certain research activities conducted within the Clinical Investigation Department of this Command, it has become necessary at the present time to terminate your participation in any and all active protocols. You are, accordingly, directed to submit to the Director of the Clinical Investigation Department a listing of all protocols in which you are presently involved, with a statement reporting the present status of each of these investigations. With regard to any investigation in which you are now serving as the principal investigator, you are specifically directed to either nominate/appoint another investigator to assume this responsibility, or take the necessary steps to terminate any such protocol.

2. As an adjunct to this action, and in an effort to facilitate the present functioning of the Clinical Investigation Department, you are also advised that, until further notice, you are to refrain from entering the Clinical Investigation Department without the prior specific knowledge and consent of the Commanding Officer. It is understood that office space has been made available to you by the Naval Medical Clinics Command, and while this restriction is not intended to hamper you in the performance of your official duties, it is considered that your individual best interests, as well as those of this Command, will be best served

---

304(a). Suffice it to say that if R.C.M. 304(h) has any validity then it must in this case just as it would in the case of a suspension of a security clearance and access to secured areas.

by limiting your present association with the Clinical Investigation Department to the maximum practical extent.

J.E. CARR

Copy to:

Director, Clinical Investigation Department

NTC = 225–3506