**UNITED STATES, Appellant,**

v.

**Gregory D. HARVEY, 370 70 2953, Mess Management Specialist, Seaman Apprentice (E–2), U.S. Navy, Appellee.**

**Misc. Dkt. No. 86–06.**

U.S. Navy-Marine Corps Court of Military Review.

31 July 1986.

MAJ H.A. CROCKER, USMC, Appellate Government Counsel.

LCDR J.J. QUIGLEY, JAGC, USN, Appellate Defense Counsel.

LT DANIEL D. DOWNING, JAGC, USNR, Appellate Defense Counsel.

Before COUGHLIN, Senior Judge, and MIELCZARSKI and DECARLO, Judges.

PER CURIAM:

Under provision of Article 62, Uniform Code of Military Justice, 10 U.S.C. § 862, the Government appeals the military judge's ruling granting a defense motion to dismiss all pending charges and specifications for lack of a speedy trial. We reverse the military judge's ruling and remand for further proceedings.

At trial the defense moved to dismiss all charges and specifications based on a theory that the accused's right to a speedy trial had been violated. In particular the defense postulated that, because the accused was continuously confined, a 59 day delay from his demand for immediate trial of the offenses to the actual day of trial was inadequately accounted for by the Government and violated the second prong of the speedy trial standards announced in *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971). In special findings of fact the military judge noted 79 days total confinement. He then rejected the Government's argument that the speedy trial standards set out in *United States v. Burton, supra*, were inapplicable to charges arising after the effective date of Rule for Courts-Martial (R.C.M.) 707 because they are superseded by that Rule. The Government's attempt to justify the delay in trial as owing to the unavailability of a government expert witness was found to be inadequate reason for the delay and the charges were dismissed. The Government moved for reconsideration, but the military judge reaffirmed his earlier ruling.

In dismissing the charges, the military judge below based his ruling on finding a violation of the second prong of the speedy trial standard set forth in *United States v. Burton, supra*. Both the notice of preferral of the charges and the imposition of confinement on the accused occurred in 1986. We find legal error in the military judge's ruling because the standards for determining speedy trial violations in courts-martial practice, for cases in which notice of preferral of charges or imposition of restraint occurs on or after 1 August 1984, are contained in Rule for Courts-Martial (R.C.M.) 707. *See United States v. Leonard*, 21 M.J. 67, 70 (C.M.A. 1985). Where an accused is brought to trial after continuous pretrial confinement for less than 90 days, as is the case here, no violation of the Rule has occurred. R.C.M. 707(d). We note that the so called second prong of *United States v. Burton, supra*, was not adopted by that Rule. *See United States v. Ivester*, 22 M.J. 933 (N.M.C.M.R. 1986). A demand for trial by an accused therefore has significance only with respect to determining a possible violation of the broader, constitutional test for a speedy trial violation stated in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Because he relied on *United States v. Burton, supra*, the military judge apparently has not yet applied this constitutional test to the pending speedy trial issue. We will not usurp his prerogative to make that determination.

Accordingly, the ruling of the military judge in granting the defense motion to dismiss the charges and specifications is reversed. The case is remanded to the military judge for further proceedings not inconsistent with this decision.