## UNITED STATES

v.

**Airman Basic Albert D.A. SHIM, FR262–83–3873, UNITED STATES AIR FORCE.**

**ACM 30022.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 8 June 1992.

Decided 8 April 1993.

Appellate Counsel for the Appellant: Lieutenant Colonel Terry J. Woodhouse, Major Mary C. Yastishock, and Captain Gilbert J. Andia, Jr.

Appellate Counsel for the United States: Colonel Richard L. Purdon and Lieutenant Colonel Jeffery T. Infelise.

Before LEONARD, JAMES, and JOHNSON, Appellate Military Judges.

## OPINION OF THE COURT

JOHNSON, Judge:

This case raises the issue of how to apply the revised speedy trial rules set out in Change 5 to the Manual for Courts–Martial (1984) when charges were preferred before Change 5 became effective and arraignment occurred after the effective date. We conclude the revised rules apply fully to these cases. Since Airman Shim was not arraigned within the time prescribed by the rule, we set aside the findings of guilty.

Airman Shim conditionally pleaded guilty to desertion.[1] His pleas were conditioned on the right to appeal the denial of his motion to dismiss the charge and specification for lack of a speedy trial under R.C.M. 707. The chronology of events pertinent to the speedy-trial motion is as follows:

9 Feb 1981   Appellant deserted from his unit at Grand Forks Air Force Base, North Dakota.

9 Jun 1981   Desertion charges were preferred and received.

27 Jun 1991   Executive Order No. 12767 promulgated Change 5 to the Manual for Courts–Martial (1984).

6 Jul 1991   Effective date of Change 5 to the 1984 Manual for Courts–Martial.

23 Sep 1991   Secretary of the Air Force granted a delay in all cases in which charges had been preferred alleging violations of Articles 85 and 86, UCMJ, 10 U.S.C. §§ 885, 886.

22 Apr 1992   Appellant voluntarily returned to military control at Homestead Air Force Base, Florida.

11 May 1992   Appellant received notice of preferral of charges.

21 May 1992   Charges referred to trial by general court-martial.

29 May 1992   First trial date (defense delay granted).

8 Jun 1992   Arraignment.

Change 5 to the Manual for Courts–Martial (1984), R.C.M. 707 provides, "The accused shall be brought to trial[2] within 120 days after ... preferral of charges...." R.C.M. 707(a). The only periods of time that may be excluded in calculating whether the maximum of 120 days has been exceeded are those covered by stays issued by appellate courts and other pretrial delays approved by a military judge or the convening authority. R.C.M. 707(c). Periods during which the accused is absent or unavailable are not automatically excluded, but presumably may form the basis for a delay approved by a military judge or the convening authority.[3]

Airman Shim argues the plain language of the new R.C.M. 707 applies to him, and that it requires dismissal of the desertion

---

1. Article 85, UCMJ, 10 U.S.C. § 885; MCM, Part IV, paragraph 9 (1984).

2. Under the amended R.C.M. 707, appellant was "brought to trial" when he was arraigned. *See* R.C.M. 707(b)(1).

3. Under the speedy trial rules in effect when Airman Shim deserted in 1981, there was no reason for requesting or approving a formal delay. Periods during which the accused was absent or unavailable could be excluded from the time attributed to the government by the military judge at trial. It has long been stan-

dard practice to prefer and receive charges in such cases to toll the running of the statute of limitations. *See, e.g.,* paragraph 4–10, Air Force Regulation 111–1, *Military Justice Guide,* 20 September 1988. The Court of Military Appeals has ruled that unauthorized absence and desertion are not continuing offenses and the limitations period is calculated from the inception of the absence. *United States v. Jackson,* 20 M.J. 83, 84 (C.M.A.1985), *United States v. Francis,* 15 M.J. 424, 427 (C.M.A.1983); *United States v. Emerson,* 1 C.M.R. 43 (C.M.A.1951).

charge against him. This interpretation would logically apply to all accused persons against whom charges were preferred before 6 July 1991. Government appellate counsel argue that the drafters of the revised R.C.M. 707 could not have intended such an illogical result. They urge us to adopt reasoning similar to that used by the Court of Military Appeals in *United States v. Leonard,* 21 M.J. 67 (C.M.A.1985) and *United States v. King,* 30 M.J. 59, 63 n. 6 (C.M.A.1990) in holding that the 1984 version of R.C.M. 707 did not apply retroactively.

Change 5 to the Manual for Courts–Martial (1984) was promulgated in Executive Order No. 12767. Section 4 of the executive order specifies effective dates for its various provisions. Section 4(d) provides, "The amendment made to Rules for Courts–Martial 707 and 1010 shall apply only to cases in which *arraignment occurs on or after 6 July 1991.*" (emphasis added). This language is clear and unambiguous, and we conclude we should apply it according to its plain meaning. *Leonard,* 21 M.J. at 69; *see United States v. Ware,* 1 M.J. 282, 285 (C.M.A.1976); *United States v. Davis,* 12 U.S.C.M.A. 576, 578, 31 C.M.R. 162, 164 (1961).

The language of the 1984 version of R.C.M. 707 was by no means as clear. There was no separate effective date for R.C.M. 707, leaving it subject to the general effective date for the revised Manual for Courts–Martial, which was 1 August 1984. The Court of Military Appeals in *Leonard* observed that if the 120–day rule applied retroactively to cases in progress on that date, it would lead to the illogical result that some of them would have had to have been tried before the effective date of the new rule in order to comply with it. Those that were not in compliance would have to be dismissed with prejudice. Given a less than clear mandate as to how the effective date was to be applied, the Court of Military Appeals concluded the drafters and

the President must have intended that the new R.C.M. 707 apply only to those cases where notice of preferral of charges or imposition of restraint occurred on or after 1 August 1984.[4]

In contrast, there is a separate specified effective date for the revised R.C.M. 707. It applies to cases where arraignment occurs on or after 6 July 1991. If the drafters intended that the rule change apply only to cases where charges are preferred after the effective date they surely knew how to achieve that result. The preceding subsection provides exactly that approach for the amendments made to R.C.M. 701 and 705. The Discussion and Analysis accompanying the revisions are silent on this issue.

We note that the consequences of accepting the plain meaning of the new R.C.M. 707 are less onerous than the situation faced in *Leonard,* because the sanction for violation has changed. Under the former R.C.M. 707, the sanction for violation was dismissal of the affected charges with prejudice. Under the revised R.C.M. 707 the remedy is still dismissal, but the dismissal will be "with or without prejudice to the government's right to reinstitute court-martial proceedings against the accused for the same offense at a later date." R.C.M. 707(d). Dismissal with prejudice is limited to situations where the accused has been deprived of his or her constitutional right to a speedy trial. This means dismissal with prejudice is not authorized without a finding that delay in bringing the case to trial has caused actual prejudice to the accused. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *United States v. Grom,* 21 M.J. 53 (C.M.A. 1985), *cert. denied,* 475 U.S. 1083, 106 S.Ct. 1462, 89 L.Ed.2d 718 (1986).

In determining whether to dismiss charges with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness

---

**4.** The *Leonard* court also found support for its interpretation of R.C.M. 707 in the general principle that legislative enactments and administrative directives are normally presumed to be prospective in effect only, and not retroactive, and in the manner in which the civilian federal courts have applied the Federal Speedy Trial Act of 1974, which is referred to in the Analysis of R.C.M. 707.

of the offense; the facts and circumstances of the case that lead to dismissal; the impact of a reprosecution on the administration of justice; and any prejudice to the accused resulting from the denial of a speedy trial. R.C.M. 707(d).

The result of the new rule is therefore not as illogical as the Court of Military Appeals found retroactive application of the former R.C.M. 707 to be. It is at least plausible that the drafters intended that accused who were actually prejudiced by the passage of time would have their charges dismissed with prejudice, while those who were not could face trial if the military judge dismissed the charges against them without prejudice and the convening authority considered trial appropriate.[5] However, we take this law as we find it, and apply it according to its terms without further speculation on the intentions of its drafters.

We hold R.C.M. 707 applies to courts-martial in which arraignment occurs on or after 6 July 1991, even when the charges were preferred before that date. Since Airman Shim was arraigned after 6 July 1991 on a charge that was preferred more than 120 days previously (after deducting all delays approved by the military judge and the convening authority, including the delay granted by the Secretary of the Air Force), the charge must be dismissed.

It is therefore ORDERED: The finding of guilty is set aside and the sentence is set aside. The record of trial is returned to the military judge. He will reconvene the court-martial and, after receiving any evidence and arguments bearing on the factors set out in R.C.M. 707(d), he will dismiss the charge. We leave to his discretion whether that dismissal will be with or without prejudice to the filing of new charges.

Senior Judge LEONARD and Judge JAMES concur.

---

5. In cases where the lapse of time since the alleged misconduct exceeds the statute of limitations, that issue may prevent trial on the affected charges. See Article 43, UCMJ, 10 U.S.C. § 843; R.C.M. 907(b)(2)(B). It is not unprecedented, however, for an accused to waive this grounds for dismissal. In addition, the statute of limitations does not run during periods in which the accused is absent without authority or fleeing from justice. Article 43(c), UCMJ. It remains an open question whether dismissal without prejudice for speedy trial reasons constitutes dismissal for a defect or insufficiency within the "savings clause" of Article 43(g), UCMJ. We are not called upon to address any of these statute of limitations issues in the case before us.