**UNITED STATES, Appellee,**

v.

**Specialist Eric S. BOWLES, 266–59–3106, United States Army, Appellant.**

**ACMR 9101836.**

U.S. Army Court of Military Review.

21 June 1993.

For Appellant: Captain Clement B. Lewis III, JAGC, Major James M. Heaton, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Joseph C. Swetnam, JAGC, Major Donna L. Barlett, JAGC (on brief).

Before NAUGHTON, BAKER and JOHNSTON, Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Senior Judge:

Contrary to his pleas, the appellant was convicted of missing movement and desertion with intent to shirk important service, in violation of Articles 87 and 85, Uniform Code of Military Justice, 10 U.S.C. §§ 887 and 885 (1988). A military judge sitting as a special court-martial sentenced the appellant to a bad-conduct discharge, confinement for 131 days, and reduction to Private E1. The convening authority approved the sentence.

The appellant contends that the military judge erred by denying the appellant's motion to dismiss Charge II (desertion) for lack of a speedy trial. The government agrees, but argues that the appropriate remedy is dismissal without prejudice, rather than with prejudice in accordance with Rule for Courts–Martial 707 [hereinafter R.C.M.].

On 13 October 1990, the appellant's unit deployed to Saudi Arabia but he was not with them. The appellant had failed to show up for formation and thereby missed movement. The next day it was apparent that the appellant was missing. On 24 October 1990, the appellant's company commander preferred charges for desertion. Approximately four months later, 22 February 1991, the appellant returned to military control. On 21 June 1991, charges for desertion and missing movement (based on the activities that occurred in October 1990) were preferred against the appellant. The appellant was arraigned and his trial began on 1 August 1991.[1]

On 27 June 1991, Executive Order No. 12767 promulgated Change 5 to the Manual for Courts–Martial, United States, 1984. One of the changes revised R.C.M. 707 and provided in pertinent part:

(a) *In general.* The accused shall be brought to trial within 120 days after the earlier of:

(1) Preferral of charges;

(2) The imposition of restraint under R.C.M. 304(a)(2)–(4); or,

(3) Entry on active duty under R.C.M. 204.

(b) *Accountability.*

(1) ... The accused is brought to trial within the meaning of this rule at the time of arraignment under R.C.M. 904.

(2) *Multiple charges.* When charges are preferred at different times, accountability for each charge shall be determined from the appropriate date under subsection (a) of this rule for that charge.

.    .    .    .    .

(d) *Remedy.* A failure to comply with the right to a speedy trial will result in dismissal of the affected charges. This dismissal will be with or without prejudice to the government's right to reinstitute court-martial proceedings against the accused for the same offense at a later date. The charges must be dismissed with prejudice where the accused has been deprived of his or her constitutional right to a speedy trial. In determining whether to dismiss charges with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case that lead to dismissal; the impact of a reprosecution on the administration of justice; and any prejudice to the accused resulting from the denial of the speedy trial.

A key modification in the revision of R.C.M. 707(d) was the change in sanction for a violation of the speedy trial rules. Prior to Change 5 of the Manual for Courts–Martial, those cases that were not brought to trial within 120 days from the date the charges were preferred were dismissed with prejudice. Currently, the remedy is still dismissal, but that dismissal shall be "with or without prejudice to the government's right to reinstitute court-martial proceedings against the accused for the same offense at a later date." R.C.M.

---

1. We note that there is nothing in the record to indicate that the desertion charge originally preferred on 24 October 1990 was ever dismissed.

707(d); *United States v. Shim,* 36 M.J. 1124 (A.F.C.M.R.1993).

Section 4(d) of Executive Order No. 12767 provides that "[t]he amendments made to Rules for Courts–Martial 707 and 1010 shall apply only to cases in which arraignment occurs on or after 6 July 1991." Because the appellant was arraigned on 1 August 1991, and applying the plain meaning of the executive order promulgating revised R.C.M. 707, and *United States v. Mickla,* 29 M.J. 749 (A.F.C.M.R. 1989), we agree with both the appellant and the government that the military judge erred in failing to dismiss Charge II and its specification. The only issue remaining is whether Charge II should be dismissed with or without prejudice.

In making the determination of whether to dismiss with or without prejudice it is necessary to consider the following factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case that lead to dismissal; (3) the impact of a re-prosecution on the administration of justice; and, (4) any prejudice to the accused resulting from the denial of a speedy trial. R.C.M. 707(d). Following the example set out in *Shim,* 36 M.J. 1124, we direct that the record of trial be returned to the military judge for additional proceedings before he dismisses Charge II and its Specification with or without prejudice. He will apply the four factors set out in R.C.M. 707(d) to any additional evidence and arguments presented.

We have also considered the personal assertions of the appellant made pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty of Charge II and its Specification are set aside. The remaining findings of guilty are affirmed. The sentence is set aside subject to the conditions hereafter stated. The record of trial is returned to The Judge Advocate General for transmittal to the same convening authority, who will refer the record to a special court-martial to which, if practicable, the same military judge has been detailed.

The military judge will dismiss Charge II and its Specification with or without prejudice as required by R.C.M. 707(d) and return the record to the convening authority.

If the military judge has dismissed the Specification of Charge II and Charge II with prejudice, the convening authority may order a rehearing on sentence only. If a rehearing on sentence is impracticable, the convening authority may reassess the sentence.

If the military judge has dismissed the Specification of Charge II and Charge II without prejudice, and a new charge is preferred, the convening authority's options include ordering a combined rehearing.

Judge BAKER and Judge JOHNSTON concur.